1  GLENN L. BRIGGS (SB# 174497)
   Email: gbriggs@hbwllp.com
2  S. SEAN SHAHABI (SB# 204710)
   Email: sshahabi@hbwllp.com
3  BETH C. KEARNEY (SB# 234716)
   Email: bkearney@hbwllp.com
4  HODEL BRIGGS WINTER LLP
   8105 Irvine Center Drive, Suite 1400
5  Irvine, CA 92618
   Telephone: (949) 450-8040
6  Facsimile: (949) 450-8033

7  Attorneys for Defendant
   PAYLESS SHOESOURCE, INC.

8

9          UNITED STATES DISTRICT COURT FOR THE

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  KATRILLA ATKINS, an individual,     CASE NO. **CV10-8342** R PJW

13          Plaintiff,                  [Los Angeles County Superior Court Case
                                        No. BC 447028]
14      vs.

15                                      **NOTICE OF REMOVAL OF CIVIL**
   PAYLESS SHOESOURCE, INC.,            **ACTION TO THE UNITED STATES**
16  a Missouri corporation; and DOES    **DISTRICT COURT UNDER 28**
   1 through 10, Inclusive,             **U.S.C. §§ 1332 and 1441**
17                                      **(DIVERSITY)**
          Defendants.
18

19

20

21

22

23

24

25

26

27

28

46781

COPY

FILED
CLERK, U.S. DISTRICT COURT

NOV 3 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, based on the following allegations, Defendant Payless ShoeSource, Inc. ("Payless"), hereby removes the state court action described below.

1.     On October 7, 2010, Plaintiff Katrilla Atkins ("Plaintiff") commenced an action against Payless in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Katrilla Atkins v. Payless ShoeSource, Inc.,* as case number BC447028. A true and correct copy of the Complaint ("Complaint") and Civil Case Cover Sheet is attached hereto as Exhibit "A." A true and correct copy of the corresponding summons, filed on October 7, 2010, is attached hereto as Exhibit "B."

2.     Plaintiff served Payless with the Complaint and Summons on October 8, 2010. A copy of CT Corporation's Service of Process Transmittal, indicating the date of service, is attached hereto as Exhibit "C." This Notice of Removal is filed within 30 days from the date upon which Defendant was served and is within the time for removal provided by law. *See* 28 U.S.C. § 1446(b).

3.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1332, and is one which may be removed to this Court by Payless pursuant to the provisions of 28 U.S.C. Section 1441, in that it is an action in which the aggregate amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and Plaintiff is a citizen of a different state than Payless.

46731

1

**DIVERSITY OF CITIZENSHIP**

4.      In her Complaint, Plaintiff alleges that she is a "resident of the county of Los Angeles." *(See* Exh. A, ¶ 4.) Payless is informed and believes that Plaintiff was, and still is, a citizen of the State of California.

5.      Plaintiff identifies Payless as a Missouri corporation with a corporate mailing address in Topeka, Kansas. *(See* Exh. A, ¶ 5).

6.      Payless is incorporated under the laws of the state of Missouri. As discussed below, Payless's principal place of business is the state of Kansas.

7.      To determine a corporation's principal place of business, Federal courts must utilize the "nerve center" test. *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1183 (2010). Under the "nerve center" test, a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* Per the U.S. Supreme Court, a corporation's nerve center "should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

8.      Payless maintains its executive offices in Topeka, Kansas. Payless's executive, finance, accounting, marketing, information systems, and legal functions are all centralized at its Kansas headquarters. All of the members of Payless's upper management have their offices in Kansas. Finally, Kansas is where all of Payless's company-wide decisions and policies are made. Accordingly, under the nerve center test, Payless's principal place of business is Kansas.

46731

**AMOUNT IN CONTROVERSY**

9. Plaintiff's Complaint asserts eight causes of action against Payless, all arising out of her employment with Payless. (*See* Exh. A, ¶¶ 51-103.) Plaintiff seeks actual, compensatory, general and punitive damages. (*See id.*, pg. 16 at Prayer for Relief.) In addition to compensatory damages, punitive damages are used to determine whether the jurisdictional minimum has been satisfied. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). Plaintiff also seeks attorneys' fees. (*See* Exh. A., pg. 16 at Prayer for Relief.) Should Plaintiff prevail on her first, third, fourth, fifth, or sixth causes of action, she will be entitled to recover attorneys' fees. (Exh. A., ¶¶ 60, 73, 79, 86, and 93 and pg. 16 at Prayer for Relief.) When attorneys' fees are recoverable by statute, they are also factored into the determination of the amount in controversy. *See Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447 450 (S.D. Cal. 1995) (stating that attorneys' fees are included in the amount in controversy "if recoverable by statute or contract"). It is apparent from the Complaint that the amount in controversy well exceeds the $75,000 jurisdictional threshold.

10. Furthermore, on November 2, 2010, Beth C. Kearney, Esq. for Hodel Briggs Winter LLP, counsel for Payless, sent a letter to Jason M. Wucetich, Esq., counsel for Plaintiff, requesting that Plaintiff stipulate that the amount in controversy is below $75,000. Mr. Wucetich responded via letter on November 2, 2010, to Defendant's request, informing Ms. Kearney that Plaintiff would not agree to the proposed stipulation and informing her that it was "premature, at this point to place either a precise, formal floor or ceiling on damages." A true and correct copy of Mr. Wucetich's November 2, 2010, letter is attached hereto as Exhibit "D." Plaintiff's refusal to stipulate that the amount in controversy is below the $75,000 jurisdictional limit indicates that Plaintiff may well seek damages in

46731

3

excess of $75,000.  By keeping open the possibility that she may seek damages in excess of $75,000, an amount in excess of $75,000, is, by definition, "in controversy."

### PROCESS, PLEADINGS AND ORDERS

1.      Attached hereto as Exhibit "E," is a copy of Payless's Answer to Plaintiff's Unverified Complaint for Damages, which was served and filed with the Superior Court of the State of California in and for the County of Los Angeles on October 28, 2010.

2.      Payless is informed and believes that Exhibits "A," "B," "C," and "E" constitute all the process, pleadings and/or orders filed and received by Payless in this action.

3.      On this or no later than the next business day, notice of this removal is being given to both Plaintiff and to the Clerk of the Los Angeles County Superior Court.  True and correct copies of these notices are attached hereto as Exhibits "F" and "G," respectively.  The proof of service of the Notice to Adverse Party of Removal will be filed with this Court immediately after the Notice is served on Plaintiff and the Superior Court filing is accomplished.

DATED: November 3, 2010          HODEL BRIGGS WINTER LLP

By: _____
          BETH C. KEARNEY

          Attorneys for Defendant
          PAYLESS SHOESOURCE, INC.

46731

4

EXHIBIT "A"

# EXHIBIT "A"

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 07 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
ROGENA LOPEZ

1   JASON M. WUCETICH (STATE BAR NO. 222113)
    jason@wukolaw.com
2   DIMITRIOS V. KOROVILAS (STATE BAR NO. 247230)
    dimitri@wukolaw.com
3   WUCETICH & KOROVILAS LLP
    222 North Sepulveda Boulevard, Suite 2000
4   El Segundo, CA 90245
    Telephone:    (310) 335-2001
5   Facsimile:    (310) 364-5201
6
7   Attorneys for Plaintiff
    KATRILLA ATKINS
8
9            SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                      COUNTY OF LOS ANGELES
11
12   KATRILLA ATKINS, an individual,        CASE NO.    BC447028
13              Plaintiff,                   COMPLAINT FOR:
14        v.
                                             1.  Statutory Pregnancy Discrimination;
15   PAYLESS SHOESOURCE, INC., a            2.  Common Law Pregnancy
     Missouri corporation; and DOES 1 through    Discrimination;
16   10,                                     3.  Failure to Prevent/Remedy
                                                 Discrimination;
17              Defendants.                  4.  Wrongful Termination in Violation of
                                                 Public Policy;
18                                           5.  Failure to Provide Reasonable
                                                 Accommodation;
19                                           6.  Failure to Engage in Good Faith
                                                 Interactive Process;
20                                           7.  Intentional Infliction of Emotional
                                                 Distress;
21                                           8.  Negligent Supervision, Hiring or
                                                 Retention
22
23                                           DEMAND FOR JURY TRIAL
24
25
26
27
28

                              - 1 -
                           COMPLAINT

1    PLAINTIFF KATRILLA ATKINS (hereinafter "Plaintiff"), on behalf of herself,

2  complains of Defendant as follows:

3       1.     This case stems from Defendant Payless Shoesource, Inc.'s discrimination against,

4  harassment, and wrongful termination of Plaintiff based on her pregnancy.

5                                    **JURISDICTION**

6       2.     This Court has general personal jurisdiction over Defendant Payless Shoesource,

7  Inc. (hereinafter "Payless" or "Defendant") because, at all relevant times, Payless has had

8  systematic and continuous contacts with the State of California.  Payless is registered with the

9  California Secretary of State to do business in California and operates numerous retail outlets

10  throughout California, including many within Los Angeles County.  Moreover, this Court has

11  specific personal jurisdiction over defendant Payless because the claims alleged herein all stem

12  from Payless's specific contacts with California — namely, its treatment and discharge of

13  Plaintiff, one of Defendant's former California employees.

14       3.     Venue is proper in the county of Los Angeles in accordance with Code of Civil

15  Procedure § 395(a) because the alleged wrongs occurred in this county.

16                                      **PARTIES**

17       4.     At all relevant times to this action, Plaintiff was a resident of the County of Los

18  Angeles.  Plaintiff was employed by Payless and/or each DOE defendant (collectively

19  "Defendants") as an Associate from in or around August 2008 through on or about June 17, 2010.

20  Plaintiff worked at the Payless location at the Antelope Valley Mall in Palmdale, California

21  (Store Number 4365), among other store locations.

22       5.     At all relevant times to this action, Defendant Payless Shoesource, Inc. is and was

23  a Missouri corporation operating and engaging in commerce within the State of California and

24  other states.  Payless' corporate mailing address is believed to be 3231 SE Sixth Street, Topeka,

25  Kansas 66607.

26       6.     Pursuant to California law, Defendant acted as the employer of Plaintiff.

27       7.     The true names and capacities, whether individual, corporate, associated or

28  whatever else, of the Defendants sued herein as DOES 1 through 10, inclusive, are currently

- 2 -

COMPLAINT

1   unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code

2   of Civil Procedure § 474.  Plaintiff is informed and believes and thereon alleges that each of the

3   Defendants designated as DOES 1 through 10, inclusive, is legally responsible in some manner

4   for the unlawful acts alleged to herein.  Plaintiff will seek leave of court to amend this Complaint

5   to allege the true names and capacities of the Defendants designated as DOES 1 through 10 when

6   their identities become known.

7        8.     Plaintiff is informed and believes and thereon alleges that each defendant was a

8   parent, agent, subsidiary, affiliated entity and/or alter ego of each other defendant; and acted in all

9   respects pertinent to this agent in concert and carried out a joint scheme, business plan. or policy

10   in all respects regarding the unlawful acts alleged herein.

11                              **FACTUAL BACKGROUND**

12        9.     Defendant Payless is one of the largest footwear retailers in the United States.

13        10.    Plaintiff is informed and believes that Payless operates thousands of retail stores

14   throughout the United States.

15        11.    Plaintiff is informed and believes that Payless operates and/or operated more than

16   500 retail stores in California alone during the statutory period relevant to this action.

17        12.    At all relevant times discussed herein. Payless regularly employed 5 or more

18   persons, bringing Payless within the provisions of California Government Code § 12900 *et seq.*.

19   which prohibits employers or their agents from discriminating against employees on the basis of

20   their sex, including but not limited to, because an employee is pregnant.

21        13.    During her employment with Payless, Plaintiff worked as an Associate in

22   Payless's retail stores.  Plaintiff's duties included. but were not limited to, assisting customers in

23   Defendant's retail establishments and selling Defendant's merchandise.  Plaintiff was paid at or

24   around the minimum wage for her services.

25        14.    During Plaintiff's employment with Payless, Plaintiff performed each and every

26   condition and covenant required on her part to be performed.

27        15.    At all relevant times mentioned herein. Blanca Garibay ("Garibay") was Plaintiff's

28   primary manager and supervisor.

-3-

16.     In or around late spring 2010, Plaintiff learned that she was pregnant

17.     Due to her pregnancy, Plaintiff became unable to work long shifts. Working for extended hours made Plaintiff become physically exhausted, uncomfortable, and unusually tired.

18.     After learning of her condition, Plaintiff informed Garibay that she was pregnant and requested that she not schedule Plaintiff for work in the evenings or during shifts longer than 5 hours. Plaintiff hoped for this reasonable accommodation. Plaintiff also expected Garibay to respect Plaintiff's medical privacy.

19.     Garibay ignored Plaintiff's request for accommodation and modification to her work schedule and scheduled Plaintiff during the evening.

20.     On or around June 15, 2010, a gentleman with the first name of Israel (last name unknown) arrived at the Payless store in the Antelope Valley Mall. On information and belief, Israel was a Payless employee sent to investigate money purportedly missing from the store register.

21.     On the day that Israel arrived, Israel asked Plaintiff during her shift to come to the back of the store. Plaintiff followed Israel's instructions and the two individuals discussed the missing money alone for approximately 30 minutes.

22.     Israel accused Plaintiff of taking the money. His tone was forceful and intimidating. Plaintiff believed that Israel's forceful and intimidating tone was intended to pressure her into falsely confessing that she took the money.

23.     From the start, and throughout the conversation, Plaintiff denied taking the money and/or knowing who in fact did take the missing money. Plaintiff and other Payless employees had learned earlier in March 2010 that the money in the cash register had not been balancing with the amount logged into Payless's computer system. Garibay, Plaintiff's manager, told Plaintiff and other employees that the discrepancy was likely due to Payless having installed a new computer system and did not seem concerned. Garibay indicated that she would talk to the corporate offices about the computer error. During the time that the computer error persisted, Plaintiff always informed Garibay when the system reported missing money during Plaintiff's shifts. Plaintiff is informed and believes that money was also missing during other employees'

- 4 -

1   shifts, when Plaintiff was not working. Plaintiff was not the only employee with access to the

2   money in the store and Plaintiff did not always work alone. Because she did not take the money

3   and because Garibay had already asserted that a computer error was likely responsible for the

4   discrepancy, Israel's accusations stunned Plaintiff and took her by surprise.

5       24.   Plaintiff asked Israel why he thought she took the money and asked whether there

6   was any evidence even suggesting that she had done so. Despite repeated requests, no evidence

7   was presented to Plaintiff.

8       25.   In response to Plaintiff's denials of wrongdoing, Israel accused Plaintiff of lying

9   and said he knew she took the money.

10       26.   Plaintiff was repeatedly pressured either to falsely confess and/or place blame on a

11   specific individual. Plaintiff consistently denied knowing anything about the missing money.

12       27.   During the conversation, Israel stated, "I know you are pregnant."

13       28.   Plaintiff was in shock and disbelief that Israel knew of her pregnancy. Plaintiff is

14   informed and believes that Garibay and/or another agent of Payless informed Israel of her

15   pregnancy.

16       29.   Israel further stated to Plaintiff that she had to make a big decision regarding the

17   pregnancy. Israel pressured Plaintiff to discuss the pregnancy and her plans for the pregnancy.

18   Plaintiff was distressed and upset that Israel knew about her pregnancy and forced her to discuss

19   the matter.

20       30.   During the conversation, Israel heavily implied in a suggestive manner that

21   Plaintiff stole the missing money to pay for an abortion. Plaintiff denied this fact and made clear

22   to Israel that she did not take the money to pay for an abortion.

23       31.   The conversation with Israel was intimidating, threatening, harassing, emotionally

24   distressing, upsetting, and invasive of Plaintiff's personal and medical privacy.

25       32.   Plaintiff was informed that she was being placed on suspension while the

26   investigation was pending. Plaintiff was asked to leave the store and not to return until she was

27   contacted by Payless.

28

COMPLAINT

33.     On or around June 16 or 17, 2010, Plaintiff was contacted by Garibay and told she needed to come in to the store on June 17, 2010.  When she arrived, Plaintiff was taken to the back of the store and told by a Group Leader named Rick (last name unknown) that she was being terminated for taking the missing money.  Garibay was present during this process but did not speak to Plaintiff.  Plaintiff witnessed Garibay complete a "Personnel Counseling Form" documenting the termination.  During this process, Plaintiff repeatedly and consistently professed her innocence.  She continued to ask why she was being blamed and whether there was any evidence against her so that she could defend herself.

34.     Before Israel's arrival and Plaintiff's sudden termination on June 17, neither Garibay nor any other Payless employee ever counseled Plaintiff regarding the missing money or completed a "Personnel Counseling Form" regarding the matter.

35.     Plaintiff is informed and believes that, similarly, neither Garibay nor any other Payless employee ever accused other employees of taking the money, counseled other employees regarding the missing money, or completed a "Personnel Counsel Form" regarding other employees.  On information and belief, no investigation of any employee other than Plaintiff was ever conducted, even though the computer system reported money missing during other employees' shifts when Plaintiff was not working.

36.     Plaintiff believes that, because she was pregnant, she was being set up to take the blame for the missing money based on the erroneous accusation that she needed money to pay for an abortion.

37.     In addition the discrimination against and termination of Plaintiff based on her pregnancy, while Plaintiff remained employed at Payless Garibay was aware of and permitted acts of other discrimination to occur which created a hostile work environment that caused emotional injury and distress to Plaintiff.  During Plaintiff's employment, employees Christina Contrarez and Chelsea (last name unknown) called Garibay a "Nigger Lover," in reference to Plaintiff, who is African American.  Garibay, Plaintiff and other employees were aware of the use of racial slurs and did nothing to stop them or otherwise remedy the inappropriate and hostile environment.  Payless employees Christina and Chelsea are not African American.

- 6 -

1      38.    The use of racial slurs in the work place caused significant emotional injury to

2    Plaintiff and created a hostile work environment.

3      39.    After she was terminated, Plaintiff made more than one attempt to contact Payless

4    to discuss her wrongful termination.  Plaintiff was very distressed that she was terminated based

5    on the false accusation that she stole money.

6      40.    Plaintiff called Payless Human Resources about the matter.  Plaintiff wanted to be

7    given a chance to review the evidence in support of the termination.  No such opportunity was

8    provided.

9      41.    Plaintiff also called Juan (last name unknown), a store manager at another location

10    who Plaintiff worked with in the past.  Plaintiff asked Juan what she should do because she was

11    falsely accused of stealing money.  Juan stated that he would look into the issue and get back to

12    Plaintiff.

13      42.    Approximately 2 days after speaking to Juan, Israel contacted Plaintiff and

14    accused Plaintiff of harassing Payless employees, told her to stop contacting Payless employees,

15    and threatened to get a restraining order against Plaintiff.

16      43.    On information and belief, Defendant Payless did not undertake an adequate and

17    fair investigation regarding the missing money, fairly targeted and placed blame on Plaintiff

18    related to her pregnancy, and did not provide Plaintiff with a fair and just process to defend

19    against the false accusations in violation of public policy.  On information and belief, Payless did

20    not follow internal policies and procedures related to the investigation and/or termination of

21    Plaintiff.

22      44.    Eventually a gentleman from Payless corporate offices called Plaintiff to discuss

23    the matter on the telephone.  During the conversation, that gentleman continued to blame Plaintiff

24    for the missing money relying on the investigation done by Israel.  At no time did Payless present

25    Plaintiff with evidence in support of the termination.

26      45.    Working as an Associate at Payless was Plaintiff's first job.  Plaintiff has suffered

27    extreme emotional distress for being wrongfully accused of stealing money with the implications

28    that she needed money to pay for an abortion, which resulted in her termination during the worst

1  recession in modern history.  Plaintiff has suffered extreme emotional distress regarding the

2  inappropriate interrogation by Israel, including being pressured to confess to a crime she did not

3  commit and/or asked to place blame for the crime on another co-worker.  Additionally, Plaintiff

4  was distressed at being forced into discussing her pregnancy during the interrogation process.  It

5  was particularly stressful to be subject to these circumstances while Plaintiff was pregnant.

6  Plaintiff has also suffered extreme emotional distress related to the hostile work environment at

7  Payless regarding racial slurs used by co-workers that were directed toward and specifically

8  related to Plaintiff.

9        46.     After her termination, Plaintiff suffered further extreme emotional distress for a

10  period of weeks for having been fired for a crime she did not commit and for being accused of

11  stealing money to pay for an abortion.

12        47.     In doing the acts alleged herein, Garibay was acting within the scope of her

13  employment and as an agent of Payless and therefore Payless is liable for Garibay's acts of

14  discrimination, harassment and/or unlawful conduct.

15        48.     Plaintiff is informed and believes that Payless knew, or should have known, about

16  Garibay's acts of discrimination, harassment and/or unlawful conduct and failed to take all

17  reasonable and necessary steps to prevent discrimination and harassment from occurring in their

18  retail stores.

19        49.     In doing the acts alleged herein, Israel was acting within the scope of his

20  employment and as an agent of Payless and therefore Payless is liable for Israel's acts of

21  discrimination, harassment and/or unlawful conduct.

22        50.     Plaintiff is informed and believes that Payless knew, or should have known, about

23  Israel's acts of discrimination, harassment and/or unlawful conduct and failed to take all

24  reasonable and necessary steps to prevent discrimination and harassment from occurring in their

25  retail stores.

26

27

28  //

- 8 -

COMPLAINT

### FIRST CAUSE OF ACTION

Statutory Pregnancy Discrimination

(California Government Code § 12945(a))

51.    Plaintiff incorporates paragraphs 1 through 50 as though fully set forth herein.

52.    The laws of the State of California, as declared by the California Constitution and statutory schemes, prohibit among other things, employment discrimination because of sex and/or pregnancy.

53.    At all relevant times herein, Plaintiff was employed by Payless who was Plaintiff's employer pursuant to 2 Cal. Code Regs. § 7286.5(a).

54.    In or around late spring 2010, Plaintiff informed Garibay that she was pregnant. Within weeks she was terminated from Payless based on the false accusation that she stole money with the implication that she needed the money to pay for an abortion. Plaintiff was wrongly targeted and accused of this theft based on the fact that she was pregnant.

55.    Plaintiff alleges that at all times pertinent herein she was a good employee who performed her work duties in a conscientious and professional manner. Accordingly, Payless had no good cause of justification to discipline and/or terminate Plaintiff.

56.    Plaintiff alleges that her termination was motivated by and was the result of unlawful discrimination by Defendant against Plaintiff because of her pregnancy.

57.    Within the required time period, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in compliance with California law, and secured a right-to-sue letter, which is attached hereto and incorporated by reference as Exhibit A.

58.    As a direct, foreseeable and proximate result of Defendant's wrongful acts, Plaintiff has suffered, and continues to suffer, losses of earnings and employment benefits, and has suffered humiliation, embarrassment, mental and emotional distress and discomfort, all to her damage in an amount according to proof.

59.    Defendant's acts as herein alleged were carried out by officers, directors and/or agents of Defendant who were supervisors of Plaintiff and were committed fraudulently, maliciously or oppressively with the intention of injuring Plaintiff and/or with a willful and

- 9 -

COMPLAINT

1   conscious disregard of Plaintiff's right to work in an environment free from discrimination.

2   Because these acts were carried out by officers, directors and/or agents of Defendant in an

3   despicable, deliberate and intentional manner, Plaintiff is entitled to recover punitive damages in

4   a sum sufficient to punish and deter future such conduct.

5        60.    Plaintiff requests an award of attorneys' fees against Defendant.

6   **SECOND CAUSE OF ACTION**

7   Common Law Pregnancy Discrimination

8   (Article I, section 8 of the California Constitution)

9        61.    Plaintiff incorporates paragraphs 1 through 60 as though fully set forth herein.

10       62.    Pregnancy discrimination is a form of sex discrimination under Article I, section 8

11  of the California Constitution.

12       63.    Plaintiff was discriminated against by Defendant because her termination was

13  motivated by the fact that she was pregnant and Defendant falsely accused Plaintiff of stealing

14  money with the implication that she needed the money to pay for an abortion.

15       64.    As a direct, foreseeable and proximate result of Defendant's wrongful acts,

16  Plaintiff has suffered, and continues to suffer, losses of earnings and employment benefits, and

17  has suffered humiliation, embarrassment, mental and emotional distress and discomfort, all to her

18  damage in an amount according to proof.

19       65.    Defendant's acts as herein alleged were carried out by officers, directors and/or

20  agents of Defendant who were supervisors of Plaintiff, and were committed fraudulently,

21  maliciously or oppressively with the intention of injuring Plaintiff and/or with a willful and

22  conscious disregard of Plaintiff's right to work in an environment free from discrimination.

23  Because these acts were carried out by officers, directors and/or agents of Defendant in an

24  despicable, deliberate and intentional manner, Plaintiff is entitled to recover punitive damages in

25  a sum sufficient to punish and deter future such conduct.

26       66.    Plaintiff requests an award of attorneys' fees against Defendant.

27

28  //

- 10 -

COMPLAINT

## THIRD CAUSE OF ACTION

Failure to Prevent/Remedy Discrimination and Harassment

(California Government Code §§ 12940(j) and (k))

67.     Plaintiff incorporates paragraphs 1 through 66 as though fully set forth herein.

68.     As articulated more fully above, Defendant Payless and their officers, directors and/or agents violated California Government Code §§ 12940(j) and (k) by failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring and by railing to remedy such discrimination and harassment.

69.     During her employment with Payless, as alleged in this Complaint, Plaintiff was subject to discrimination related to her pregnancy as well as subject to racial slurs used by her co-workers.

70.     Payless knew of this discrimination and/or harassment and did nothing to prevent or remedy it.

71.     Payless' failure to take all reasonable steps necessary to prevent and/or remedy the discrimination and harassment was a substantial factor in causing harm to Plaintiff.  As a direct, foreseeable and proximate result of Defendant's wrongful acts. Plaintiff has suffered, and continues to suffer, losses of earnings and employment benefits. and has suffered humiliation, embarrassment, mental and emotional distress and discomfort, all to her damage in an amount according to proof.

72.     Defendant's acts as herein alleged were carried out by officers, directors and/or agents of Defendant who were supervisors of Plaintiff, and were committed fraudulently, maliciously or oppressively with the intention of injuring Plaintiff and/or with a willful and conscious disregard of Plaintiff's right to work in an environment free from discrimination. Because these acts were carried out by officers, directors and/or agents of Defendant in an despicable, deliberate and intentional manner, Plaintiff is entitled to recover punitive damages in a sum sufficient to punish and deter future such conduct.

73.     Plaintiff requests an award of attorneys' fees against Defendant.

//

- 11 -

COMPLAINT

**FOURTH CAUSE OF ACTION**

Wrongful Termination in Violation of Public Policy

74.     Plaintiff incorporates paragraphs 1 through 73 as though fully set forth herein.

75.     As set forth in the foregoing, Plaintiff was terminated from her employment with Payless on or around June 17, 2010 because of her pregnancy.

76.     Plaintiff alleges that her termination was in contravention of the substantial public policy embodied in codes, statutes and regulations such as Government Code § 12945 *et seq.* and California Code of Regulations, Title 2, § 7291 *et seq.*, which prohibit an employer from discriminating or retaliating against an employee on the basis of pregnancy.

77.     As a direct, foreseeable and proximate result of Defendant's wrongful acts, Plaintiff has suffered, and continues to suffer, losses of earnings and employment benefits, and has suffered humiliation, embarrassment, mental and emotional distress and discomfort, all to her damage in an amount according to proof.

78.     Defendant's acts as herein alleged were carried out by officers, directors and/or agents of Defendant who were supervisors of Plaintiff, and were committed fraudulently, maliciously or oppressively with the intention of injuring Plaintiff and/or with a willful and conscious disregard of Plaintiff's right to work in an environment free from discrimination. Because these acts were carried out by officers, directors and/or agents of Defendant in an despicable, deliberate and intentional manner, Plaintiff is entitled to recover punitive damages in a sum sufficient to punish and deter future such conduct.

79.     Plaintiff requests an award of attorneys' fees against Defendant.

**FIFITH CAUSE OF ACTION**

Failure to Provide Reasonable Accommodation

(California Government Code § 12940(m))

80.     Plaintiff incorporates paragraphs 1 through 79 as though fully set forth herein.

81.     California Government Code Section § 12940(m) requires employers to make reasonable accommodation for the known disability, including but not limited to pregnancy, of

- 12 -

COMPLAINT

1   employees to enable them to perform a position's essential functions, unless doing so would

2   cause undue hardship to the employer's operations.

3        82.    Although Defendant Payless, through Garibay, was aware of Plaintiff's pregnancy

4   and her request to work fewer hours and/or not during evening shifts, Defendant Payless failed to

5   provide an accommodation to Plaintiff.

6        83.    Rather, within a short period after learning of Plaintiff's pregnancy, Defendant

7   wrongfully terminated Plaintiff under the guise that Plaintiff stole company money and implying

8   that Plaintiff stole the money to pay for an abortion.

9        84.    As a direct, foreseeable and proximate result of Defendant's wrongful acts,

10  Plaintiff has suffered, and continues to suffer, losses of earnings and employment benefits, and

11  has suffered humiliation, embarrassment, mental and emotional distress and discomfort, all to her

12  damage in an amount according to proof.

13       85.    Defendant's acts as herein alleged were carried out by officers, directors and/or

14  agents of Defendant who were supervisors of Plaintiff, and were committed fraudulently,

15  maliciously or oppressively with the intention of injuring Plaintiff and/or with a willful and

16  conscious disregard of Plaintiff's right to work in an environment free from discrimination.

17  Because these acts were carried out by officers, directors and/or agents of Defendant in an

18  despicable, deliberate and intentional manner, Plaintiff is entitled to recover punitive damages in

19  a sum sufficient to punish and deter future such conduct.

20       86.    Plaintiff requests an award of attorneys' fees against Defendant.

21                     **SIXTH CAUSE OF ACTION**

22             Failure to Engage in Good Faith Interactive Process

23         (California Government Code §§ 12926.1(e), 12940(n))

24       87.    Plaintiff incorporates paragraphs 1 through 86 as though fully set forth herein.

25       88.    California Government Code §§ 12926.1(e) and 12940(n) require employers to

26  engage in a timely, good faith interactive process in response to a request for reasonable

27  accommodation by an employee with a known disability.

28

                                           - 13 -

89.     Defendant Payless, through Garibay, did not engage in a timely good faith interactive process, as required by California law, to identify and implement appropriate and reasonable accommodations for Plaintiff's pregnancy, which is a physical disability under California law.

90.     Rather, within a short time of learning of Plaintiff's pregnancy, Defendant wrongfully terminated Plaintiff under the guise that Plaintiff stole company money and implying that Plaintiff needed the money to pay for an abortion.

91.     As a direct, foreseeable and proximate result of Defendant's wrongful acts, Plaintiff has suffered, and continues to suffer, losses of earnings and employment benefits. and has suffered humiliation, embarrassment, mental and emotional distress and discomfort, all to her damage in an amount according to proof.

92.     Defendant's acts as herein alleged were carried out by officers. directors and/or agents of Defendant who were supervisors of Plaintiff, and were committed fraudulently. maliciously or oppressively with the intention of injuring Plaintiff and/or with a willful and conscious disregard of Plaintiff's right to work in an environment free from discrimination. Because these acts were carried out by officers, directors and/or agents of Defendant in an despicable, deliberate and intentional manner, Plaintiff is entitled to recover punitive damages in a sum sufficient to punish and deter future such conduct.

93.     Plaintiff requests an award of attorneys' fees against Defendant.

## SEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

94.     Plaintiff incorporates paragraphs 1 through 93 as though fully set forth herein.

95.     The actions of Payless alleged in this Complaint including the facts related to pregnancy discrimination, the unfounded implication that Plaintiff stole money to pay for an abortion. and the use of racial slurs by Plaintiff's co-workers, were extreme and outrageous and beyond the bounds of common decency.  Such actions were intended to cause. or were engaged in with a conscious disregard of the probability of causing severe emotional distress to Plaintiff.

- 14 -

96.     As a direct and proximate cause of Defendant Payless' acts, Plaintiff sustained and continues to suffer severe emotional distress.  Plaintiff seeks general damages for the severe emotional distress and other consequential damages in an amount in excess of the minimum jurisdiction of this court, to be proven at trial.

97.     Furthermore, the acts alleged herein were committed by Payless, including officers, directors and/or agents of the company who were supervisors of Plaintiff, who acted with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing harm or injury to Plaintiff.  Accordingly, Plaintiff seeks punitive damages against Payless to deter the company from such conduct in the future.

## EIGHTH CAUSE OF ACTION

### Negligent Supervision, Hiring or Retention

98.     Plaintiff incorporates paragraphs 1 through 97 as though fully set forth herein.

99.     As alleged herein, Payless and/or their managerial employees, agents and/or employees knew or reasonably should have known that their employees and supervisors, individually and together in varying combinations, were engaging in the conduct alleged herein.

100.    At all relevant times, Payless and/or their managerial employees, agents and/or employees knew or reasonably should have known that the conduct and omissions alleged herein violated Plaintiff's rights under California law.

101.    At all relevant times, Payless and/or their managerial employees, agents and/or employees knew or reasonably should have known that the conduct and omissions alleged herein would and did proximately result in injury and emotional distress to Plaintiff.

102.    At all relevant times, Payless and/or their managerial employees, agents and/or employees knew or reasonably should have known that unless they intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize adequately the conduct and omissions of the other employees and supervisors violated Plaintiff's rights under California state statutes and common law as alleged herein.

103.    As a direct and proximate result of Payless' negligent conduct, Plaintiff has suffered and will continue to suffer physical injuries, pain and suffering, mental anguish, and

- 15 -

1   emotional distress.  Plaintiff has suffered and continues to suffer a loss of earnings.  Plaintiff is

2   thereby entitled to general and compensatory damages in an amount to be proven at trial.

3   PRAYER FOR RELIEF

4        WHEREFORE, PLAINTIFF prays for relief and judgment against Defendant Payless as

5   follows:

6        1.     For all actual, consequential and incidental financial losses, including but not

7   limited to loss of earnings and employment opportunities;

8        2.     For compensatory and general damages according to proof;

9        3.     For exemplary and punitive damages;

10       4.     For reasonable attorneys' fees and costs of suit;

11       5.     For pre-judgment and post-judgment interest, at the legal rate; and

12       6.     For such other and further relief as the Court deems just and appropriate.

13

14   Dated: October 7, 2010             WUCETICH & KOROVILAS LLP

15

16                       By:

17                          JASON M. WUCETICH

18                         Attorneys for Plaintiff Katrilla Atkins

19

20

21

22

23

24

25

26

27

28

- 16 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury on all issues of fact or law so triable.

Dated: October 7, 2010

WUCETICH & KOROVILAS LLP

By: _____

JASON M. WUCETICH

Attorneys for Plaintiff Katrilla Atkins

- 17 -

# EXHIBIT A



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                  ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

October 06, 2010

ATKINS, KATRILLA
7509 WALPOLE AVE., APT. 4
CALIFORNIA CITY, CA 93505

RE:   E201011R5515-00
      ATKINS/PAYLESS SHOESOURCE, INC.

Dear ATKINS, KATRILLA:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 06, 2010 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Tina Walker
District Administrator

cc:   Case File

HR MANAGER
HUMAN RESOURCES
PAYLESS SHOESOURCE - WORLD HEADQUARTERS
3231 SOUTHEAST 6TH AVENUE
TOPEKA, KS 66607

DFEH-200-43 (06/06)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jason M. Wucetich (SBN 222113); Dimitrios V. Korovilas (SBN 247230)<br>WUCETICH & KOROVILAS LLP<br>222 North Sepulveda Boulevard, Suite 2000<br>El Segundo, CA 90245<br>TELEPHONE NO.: (310) 335-2001   FAX NO.: (310) 364-5201<br>ATTORNEY FOR *(Name):* Katrilla Atkins | CONFORMED COPY<br>OF ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>OCT 07 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>RIGENA EDISBY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Katrilla Atkins v. Payless Shoesource, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **BC447028** |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 7 2010

Jason M. Wucetich
_____
(TYPE OR PRINT NAME)                                    ► _____
                                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 (Rev. July 1, 2007) | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Katrilla Atkins v. Payless Shoesource, Inc., et al. | CASE NUMBER BC447028 |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7-10   ☐ HOURS/☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column **C** below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos  (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: Katrilla Atkins v. Payless Shoesource, Inc., et al. | CASE NUMBER |
| --- | --- |

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
| --- | --- | --- |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

- Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)
- Employment
- Contract
- Real Property
- Judicial Review  Unlawful Detainer

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Katrilla Atkins v. Payless Shoesource, Inc., et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Katrilla Atkins v. Payless Shoesource, Inc., et al. | CASE NUMBER |
| --- | --- |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1233 W. Avenue P, Ste. 537 |
| --- | --- |
| CITY:<br>Palmdale | STATE:<br>CA | ZIP CODE:<br>93551 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk_____ courthouse in the Central_____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: October 7, 2010

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

EXHIBIT "B"

# EXHIBIT "B"

10/8/10
11:48

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PAYLESS SHOESOURCE, INC.. a Missouri corporation;
and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KATRILLA ATKINS, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 07 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
RUGENA LOPEZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Los Angeles Superior Court<br>*(El nombre y dirección de la corte es)*:<br>111 North Hill Street, Los Angeles, California 90012 | CASE NUMBER<br>*(Número del Caso)*:<br>BC447028 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
Jason M. Wucetich, 222 N. Sepulveda Boulevard, Suite 2000, El Segundo, CA; (310) 335-2001

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | OCT 07 2010 | Clerk, by<br>*(Secretario)* | RUGENA LOPEZ , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: PAYLESS SHOESOURCE, INC. , a Missouri corporation

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

EXHIBIT "C"

# EXHIBIT "C"

 CT Corporation

**Service of Process Transmittal**
10/08/2010
CT Log Number 517416705

**TO:** Michelle Holmer
Collective Brands, Inc
3231 SE Sixth Avenue
Topeka, KS 66607-

**RE:** **Process Served in California**

**FOR:** Payless ShoeSource, Inc. (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Katrilla Atkins, etc., Pltf. vs. Payless Shoesource, Inc., etc., et la., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit, Cover Sheet, Instructions, Cover Sheet Addendum and Statement, Notice, Attachment(s) |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, Hill Street, CA<br>Case # BC447028 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - Discrimination - June 17, 2010 - On basis of sex and pregnancy disability |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/08/2010 at 11:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Jason M. Wucetich<br>Wucetich & Korovilas LLP<br>222 N. Sepulveda Boulevard<br>Suite 2000<br>El Segundo, CA 90245<br>310-335-2001 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Priority Overnight , 791608566259<br>Image SOP<br>Email Notification, Michelle Holmer Michelle_Holmer@payless.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / IM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT "D"

# EXHIBIT "D"

# WUCETICH [WK] KOROVILAS

Wucetich & Korovilas LLP
222 North Sepulveda Boulevard, Suite 2000
El Segundo, California 90245
Tel. (310) 335-2001
Fax (310) 364-5201
www.wukolaw.com

Jason M. Wucetich, Esq.
jason@wukolaw.com

November 2, 2010

*VIA ELECTRONIC MAIL*
*bkearney@hbwllp.com*

Beth C. Kearney
Hodel Briggs Winter LLP
8105 Irvine Center Drive
Suite 1400
Irvine, CA 92618

Re:   <u>Katrilla Atkins v. Payless ShoeSource, Inc.</u>
      Los Angeles Superior Court Case No. BC447028

Dear Beth:

This letter is a response to your voice message and letter dated November 2, 2010 regarding a proposed stipulation addressing the amount in controversy in the above-reference case and your client's intention to remove this action to federal court.

At this time, we cannot agree to your proposed stipulation. Furthermore, your request only proves that, based on the pleadings alone, there is no basis for removing this action. The complaint does not seek a specific dollar amount but rather seeks damages according to proof. It would be premature at this point to place either a precise, formal floor or ceiling on damages. Based on the very clear case law interpreting the amount in controversy requirement, we believe there is no basis for removing this case based on diversity of citizenship. If defendant removes, plaintiff reserves her right to move to remand the case and seek all costs and fees incurred in doing so.

Please do not hesitate to contact me should you have any questions or concerns. I look forward to working with you on this case.

Sincerely,

Jason M. Wucetich, Esq.

EXHIBIT "E"

1 | GLENN L. BRIGGS (SB# 174497)
Email: gbriggs@hbwllp.com
2 | S. SEAN SHAHABI (SB# 204710)
Email: sshahabi@hbwllp.com
3 | BETH C. KEARNEY (SB# 234716)
Email: bkearney@hbwllp.com
4 | HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
5 | Irvine, CA 92618
Telephone:   (949) 450-8040
6 | Facsimile:   (949) 450-8033

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 28 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DOROTHY SWAIN

7 | Attorneys for Defendant
PAYLESS SHOESOURCE, INC.

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | COUNTY OF LOS ANGELES – CENTRAL DISTRICT

11 | KATRILLA ATKINS, an individual,

12 |                Plaintiff,

13 | vs.

14 | PAYLESS SHOESOURCE, INC., a
Missouri corporation; and DOES 1
15 | through 10, Inclusive,

16 |                Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. BC 447028

[Assigned to Hon. Daniel Buckley, Dept. 35]

**DEFENDANT'S ANSWER TO
PLAINTIFF'S UNVERIFIED
COMPLAINT**

Complaint Filed: Oct. 7, 2010

46678

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    Defendant Payless ShoeSource, Inc., (hereinafter, "Defendant") answers the

2    unverified Complaint ("Complaint") of plaintiff Katrilla Atkins ("Plaintiff") as follows:

3

4                          **GENERAL DENIAL**

5

6    Pursuant to California Code of Civil Procedure Section 431.30(d),

7    Defendant denies generally and specifically each and every allegation in the Complaint.

8    Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief

9    requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of

10   any act or omission on the part of Defendant, or any of its past or present agents,

11   representatives, or employees, acting in the course and scope of their employment.

12

13                     FIRST AFFIRMATIVE DEFENSE

14

15   1.    The Complaint, and each and every purported cause of action

16   contained therein, fails to state facts sufficient to constitute any claim upon which relief

17   may be granted against Defendant.

18

19                   SECOND AFFIRMATIVE DEFENSE

20

21   2.    Plaintiff has failed to mitigate her damages, if any, and therefore any

22   damages awarded to her must be reduced or eliminated to the extent to which such

23   damages could have been avoided by a reasonable effort to mitigate the same.

24

25                     THIRD AFFIRMATIVE DEFENSE

26

27   3.    The Complaint, and each and every purported cause of action

28   contained therein, is barred, in whole or in part, by all applicable statutes of limitation,

46678

1

1   including but not limited to California Code of Civil Procedure Sections 335.1, 338, 340

2   and 343; and California Government Code Section 12965.

3

4   <u>FOURTH AFFIRMATIVE DEFENSE</u>

5

6          4.      The Complaint, and each and every purported cause of action

7   contained therein, is barred, in whole or in part, because the exclusive remedy for the

8   damages alleged by Plaintiff is provided by the California Workers' Compensation Act,

9   California Labor Code Section 3200, *et seq.* Defendant is also entitled to set-off any

10   recovery Plaintiff may receive from any Workers' Compensation action.

11

12   <u>FIFTH AFFIRMATIVE DEFENSE</u>

13

14          5.      Plaintiff is barred, in part or total, from recovery of any damages,

15   based upon the doctrine of after-acquired evidence.

16

17   <u>SIXTH AFFIRMATIVE DEFENSE</u>

18

19          6.      The purported causes of action for harassment are barred in whole,

20   or in part, because Defendant took reasonable steps to prevent and correct workplace

21   harassment; Plaintiff unreasonably failed to use the preventive and corrective measures

22   that Defendant provided her; and reasonable use of Defendant's procedures would have

23   prevented at least some of the harm that Plaintiff suffered, if any.

24

25

26

27

28

46678

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

7.     The Court has no jurisdiction over the subject matter of the Complaint, or parts thereof, because Plaintiff failed to exhaust her administrative remedies.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff's causes of action arising under the FEHA are barred because Plaintiff did not timely exhaust the administrative remedies as required and/or otherwise failed to comply with all the statutory prerequisites to bring suit pursuant to the FEHA.  Cal. Gov't Code §§ 12900 *et seq.*

## NINTH AFFIRMATIVE DEFENSE

9.     Plaintiff's Complaint, and each and every purported cause of action contained therein, is barred in whole or in part because Defendant had an honest, good faith belief that all decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff's Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, because Plaintiff consented to or welcomed the actions complained of to the extent, if any, that they occurred.

46678

3

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff is not entitled to recover punitive or exemplary damages against Defendant because: (a) Plaintiff has failed to plead facts sufficient to support allegations of malice or reckless indifference for the rights of Plaintiff or that Defendant was motivated by evil motive or intent; (b) neither Defendant nor any managerial agent of Defendant committed any alleged malicious or reckless act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a reckless indifference towards the rights or safety of others, and (c) an award of punitive or exemplary damages under the circumstances alleged would violate the due process clauses of the United States and California constitutions.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff is barred from recovering punitive damages because Defendant had in place a policy to prevent discrimination, harassment, and retaliation and made good faith efforts to implement and enforce that policy

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Defendant cannot be liable for any alleged injury, as any allegedly unlawful conduct was outside the course and scope of employment of the employee(s) involved.

46678

4

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

3          14.     Defendant did not authorize, direct or participate in any alleged

4   discriminatory, harassing, or retaliatory conduct.

5

6               ## FIFTEENTH AFFIRMATIVE DEFENSE

7

8          15.     Defendant denies that it discriminated or retaliated against Plaintiff.

9   However, if Plaintiff proves Defendant's acts were discriminatory or retaliatory, Plaintiff

10  is not entitled to damages because Defendant would have made the same decision

11  regardless of the alleged discriminatory or retaliatory grounds.

12

13              ## SIXTEENTH AFFIRMATIVE DEFENSE

14

15         16.     Plaintiff's Complaint, and each and every purported cause of action

16  contained therein, is barred because Defendant did not have a legal duty to provide

17  reasonable accommodations for Plaintiff's alleged disability.

18

19             ## SEVENTEENTH AFFIRMATIVE DEFENSE

20

21         17.     Plaintiff's Complaint, and each and every purported cause of action

22  contained therein, is barred because Defendant did not have a legal duty to engage in an

23  interactive process with Plaintiff in order to accommodate her alleged disability.

24

25

26

27

28

46678

5

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's Complaint, and each and every purported cause of action contained therein, fails to state a cause of action because any accommodation for Plaintiff's alleged disability would have resulted in an undue hardship.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     By virtue of Plaintiff's action or inaction, she is estopped as to any and all rights she may have under the facts alleged in the Complaint and each purported cause of action contained therein.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     By her conduct, Plaintiff has waived some or all of the causes of action asserted in her Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of unclean hands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's right, if any, to recover damages based on the Complaint and each purported cause of action thereof, is limited by the provisions of California Civil Code, Sections 1431.1, *et seq*.

6

46678

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Persons and entities other than Defendant were at fault or have acted in bad faith in connection with the acts alleged to have resulted in damage to Plaintiff and otherwise at fault.  By reason thereof, Plaintiff's right of recovery from Defendant, if any, should be offset and reduced by the amount which the negligence, fault and bad faith of persons and entities other than Defendant, including Plaintiff, contributed to any damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Defendant reserves the right to assert additional affirmative defenses should it become aware of such facts that warrant such defenses.

## **PRAYER**

WHEREFORE, Defendant prays as follows:

1.    That Plaintiff take nothing by reason of her Complaint and Judgment be entered in favor of Defendant;

2.    That Plaintiff's prayer for all compensatory damages, special damages, punitive damages, penalties, interest, attorneys' fees and costs be denied;

3.    That Defendant be awarded its costs of suit and attorneys' fees incurred herein; and

46678

7

1      4.      For such other and further relief as the Court deems just and proper.

2

3    DATED: October 28, 2010          HODEL BRIGGS WINTER LLP

4

5

6                                     By: _____

7                                              BETH C. KEARNEY

8                                     Attorneys for Defendant
                                      PAYLESS SHOESOURCE, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

46678

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
                               ) ss:

COUNTY OF ORANGE )

       I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is Hodel Briggs Winter LLP, 8105 Irvine Center Drive, Suite 1400, Irvine, CA 92618.

       On **October 28, 2010,** I served the foregoing document(s) described as: **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Jason M. Wucetich
Dimitrios V. Korovilas
Wucetich & Korovilas LLP
222 North Sepulveda Boulevard
Suite 2000
El Segundo, CA 90245
T: (310) 335-2001
F: (310) 364-5201

☒    **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Hodel Briggs Winter LLP for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE:** I caused said document(s) to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated.  Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s).  I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error.  A copy of said electronic confirmation is maintained in this office.

☐    **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Hodel Briggs Winter LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒    **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **October 28, 2010,** Irvine, California.

_____
Valerie Beechler

# EXHIBIT "F"

GLENN L. BRIGGS (SB# 174497)
Email:  gbriggs@hbwllp.com
S. SEAN SHAHABI (SB# 204710)
Email:  sshahabi@hbwllp.com
BETH C. KEARNEY (SB# 234716)
Email:  bkearney@hbwllp.com
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA  92618
Telephone:   (949) 450-8040
Facsimile:    (949) 450-8033

Attorneys for Defendant
PAYLESS SHOESOURCE, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| KATRILLA ATKINS, an individual,<br><br>                  Plaintiff,<br><br>          vs.<br><br>PAYLESS SHOESOURCE, INC., a Missouri corporation; and DOES 1 through 10, Inclusive,<br><br>                  Defendants. | CASE NO. BC 447028<br><br>[Assigned to Hon. Daniel Buckley, Dept. 35]<br><br>**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332 and 1441 (DIVERSITY)**<br><br>Complaint Filed: Oct. 7, 2010 |

46750

1    TO PLAINTIFFS AND HER ATTORNEYS OF RECORD:

2

3    PLEASE TAKE NOTICE THAT a Notice of Removal of this action was

4    filed in the United States District Court for the Central District of California on November

5    3, 2010.  A copy of said Notice of Removal and supporting exhibits are attached to this

6    Notice, and are served and filed herewith.

7

8    DATED: November 3, 2010        HODEL BRIGGS WINTER LLP

9

10

11    By: _____

12            BETH C. KEARNEY

13    Attorneys for Defendant
      PAYLESS SHOESOURCE, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

46750

1

EXHIBIT "G"

GLENN L. BRIGGS (SB# 174497)
Email: gbriggs@hbwllp.com
S. SEAN SHAHABI (SB# 204710)
Email: sshahabi@hbwllp.com
BETH C. KEARNEY (SB# 234716)
Email: bkearney@hbwllp.com
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618
Telephone:   (949) 450-8040
Facsimile:   (949) 450-8033

Attorneys for Defendant
PAYLESS SHOESOURCE, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| KATRILLA ATKINS, an individual, | CASE NO. BC 447028 |
| Plaintiff, | [Assigned to Hon. Daniel Buckley, Dept. 35] |
| vs. | |
| PAYLESS SHOESOURCE, INC., a Missouri corporation; and DOES 1 through 10, Inclusive, | **NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332 and 1441 (DIVERSITY)** |
| Defendants. | Complaint Filed: Oct. 7, 2010 |

46747

1          TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF

2    LOS ANGELES:

3

4          Attached hereto as Exhibit "1" is a true and correct copy of the Notice to

5    Adverse Party of Removal of this action to the United States District Court for the Central

6    District of California.  The original Notice of Removal of Civil Action to the United

7    States District Court was filed with the United States District Court for the Central District

8    of California with the attached exhibits on November 3, 2010.

9

10         The filing of said Notice of Removal effects the removal of the above-

11   entitled action from this Court.

12

13   DATED: November 3, 2010          HODEL BRIGGS WINTER LLP

14

15

16                  By: _____

17                             BETH C. KEARNEY

18               Attorneys for Defendant

19               PAYLESS SHOESOURCE, INC.

20

21

22

23

24

25

26

27

28

46747

NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV10- 8342 R (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

===========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [_] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
KATRILLA ATKINS

**DEFENDANTS**
PAYLESS SHOESOURCE, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jason Wucetich
WUCETICH & KOROVILAS LLP
222 North Sepulveda Boulevard, Suite 2000
El Segundo, CA 90245
(310) 335-2001

Attorneys (If Known)
S. Sean Shahabi
Beth C. Kearney
Hodel Briggs Winter LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618
(949) 450-8040

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332 and 1441 - Diversity Jurisdiction

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV10-8342**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                     CIVIL COVER SHEET                     Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)　☐ A. Arise from the same or closely related transactions, happenings, or events; or

　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Kansas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Beth C. Kearney_　　　Date November 3, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com